[Docket No. 15]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| VASSILIOS T. ADAMAKOS<br><br>    Plaintiff,<br><br>    v.<br><br>LINWOOD POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Civil No. 12-6475 (RMB/JS)<br><br>**MEMORANDUM ORDER** |

THIS MATTER comes before the Court on an unopposed Motion for Summary Judgment filed by defendants Linwood Police Department and City of Linwood ("Defendants"). For the reasons below, the motion is granted.

On September 10, 2012, Plaintiff Vassilios T. Adamakos ("Plaintiff") filed a handwritten complaint against Defendants, who thereafter removed the action to this Court. The entire Complaint is set forth here:

> On September 10, 2010, Patrolman Gary Coslop, of the Lindenwold Police dpt. filed false charges against me because of some things that I wrote on the social network called facebook. As a result of his filing (charges 3rd degree harassment and 4th degree stalking) I was arrested at 10.15 pm at my residence. I was taking to Somers point Police Dpt. where later I was transferred by Linwood Police Dpt. to Linwood. The bail was set to $15,000 cash amount which I could not raise at 12.30 am

3

>           and eventually I was transported to County
>           Jail (Atlantic) where I placed $1,500 bail
>           and I was released the early hours of
>           9/11/2010.  Later on (few weeks) the charges
>           were dropped by the Atlantic County
>           prosecutor.  One of the charges was remanded
>           to municipal level.  Officer Gary Coslop
>           purposely filed false charges abusing his
>           authority to cause financial harm to me and
>           defame me.  As a result of this horable
>           situation I fallen into deep depression and
>           had a serious heart attack.  I am asking the
>           court for $750,000 for all the pain and
>           suffering.

Docket No. 1-1 [errors in original].

Although the alleged grounds for Plaintiff's claims are far from clear, Defendants have interpreted the Complaint as alleging various constitutional violations as a result of an official policy or custom of the City of Linwood.  Plaintiff has not disputed Defendants' characterization of his claims.  Because Plaintiff has produced no evidence of an official policy or custom, Defendants argue, summary judgment is appropriate.  The Court agrees.

<u>Background</u>:

In August 2010, Plaintiff posted two Facebook messages to Gary Coslop, an officer of the Linwood Police Department.  The first posting read:

>           Subject: YOU ARE A DISGRACE TO THE POLICE
>           UNIFORM LYER
>
>           You and your good buddy Austin are a
>           disgrace to Linwood Police Dept.Both of you
>           should be thrown out and send to prison for

> lying and abusing innocent citizens.Linwood
> will pay a havy price some day for having
> you around.You are an ugly person inside
> out.By the way I am enjoying very much the
> fact that your wife left you after the
> enlargement of certain parts of her body and
> someone else is enjoying the fruits of your
> labor.Hahahahahahahahahahahahahahahaha.

The second posting read:

> Small world Gary you are probably very
> surprise that I know so many details about
> you.By the way on your profile picture you
> definitely look like a NAZI.Please change
> the picture is very offensive.

<u>See</u> Ex. C to Def.' Br., Statement of Material Facts ("SMF"), ¶¶s 40-41. As a result of these messages, Plaintiff was charged with unlawful computer access and stalking. Ex. G to Def. Br., SMF, ¶ 48. The charges were resolved pursuant to a plea agreement requiring Plaintiff to participate in an anger management course. Plaintiff was also placed on a one year non-reporting probation. The municipal court ordered the charges "shall be conditionally dismissed today and final dismissal shall occur when the . . . conditions are met." Def.' Br., Ex. H, SMF, ¶¶s 55-56. Plaintiff successfully completed the anger management course. SMF, ¶67.

<u>Analysis</u>:

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

5

Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." Id. When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence: all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983). However, a mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial. Anderson, 477 U.S. at 252.

Further, a court does not have to adopt the version of facts asserted by the nonmoving party if those facts are "utterly discredited by the record [so] that no reasonable jury" could believe them. Scott v. Harris, 550 U.S. 373, 380 (2007). In the face of such evidence, summary judgment is still appropriate "where the record . . . could not lead a rational trier of fact to find for the nonmoving party . . . ." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions,

6

answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Anderson, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).

As an initial matter, defendant Linwood Police Department is not "person" under Section 1983. Thomas v. S/O II Christy, No. 13-2560, 2013 U.S. Dist. LEXIS 59734, at * 11 (D.N.J. Apr. 25, 2013)("a police department is not a 'person' subject to § 1983 suit."). Accordingly, summary judgment is granted as to this defendant. As for Defendant City of Linwood, a municipality may be sued for a constitutional violation that results from its official policy or custom. Monell v. Dept. of Social Services, 436 U.S. 658, 690 (1978). A municipality's failure to properly train or supervise its employees and officers can constitute an actionable policy or custom under § 1983 when that failure amounts to deliberate indifference. Canton v. Harris, 489 U.S. 378, 388 (1989).

To survive summary judgment under the Monell standards on a failure to train or failure to supervise theory, in addition to

showing a violation of a plaintiff's constitutional rights, a plaintiff must present competent, admissible evidence that the training and/or supervision of City of Linwood officers was so inadequate and the resulting conduct so probable, that the city acted with deliberate indifference to the constitutional deprivation of its citizens' rights. Canton, 489 U.S. at 387-91.

Plaintiff, who has not opposed the within motion, has failed to adduce any evidence relating to a policy, custom, or a failure of training or supervision. The Court has reviewed Plaintiff's deposition and answers to interrogatories and can find none. Accordingly, summary judgment in favor of the City of Linwood is appropriate.[1]

Accordingly, for the above reasons,

IT IS ON THIS **28th** day of **January 2014**, **ORDERED** that Defendants' Motion for Summary Judgment be and is hereby GRANTED; and

IT IS FURTHER **ORDERED** that because this is a final

---

[1] Although Plaintiff did not file a complaint against Officer Coslop, the Court is aware that a pro se pleading should be liberally construed. Even if this Court construed the Complaint as alleging claims for false arrest and malicious prosecution against Coslop, such claims fail either on the merits or as barred under Heck. See Hendrix v. City of Trenton, No. 06-3942, 2009 U.S. Dist. LEXIS 120718 at * 10-16 (D.N.J. Dec. 29, 2009)(finding that entry into New Jersey's Pretrial Intervention Program does not constitute a favorable termination).

judgment, the Clerk of the Court shall terminate the case.

                                              <u>s/Renée Marie Bumb</u>
                                              RENÉE MARIE BUMB
                                              United States District Judge